UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY GARFIELD NOLEN,<br><br>     Petitioner,<br><br>     v.<br><br>E. VALENZUELA,<br><br>     Respondent. | No.  2:16-cv-0041 DB<br><br><br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (ECF No. 1.)

Petitioner filed his initial petition on December 22, 2015.  (ECF No. 1.)  Respondent filed an answer on April 22, 2016.  (ECF No. 18.)  On May 13, 2016, petitioner filed a motion to stay his petition and hold it in abeyance while he exhausts the unexhausted claims in state court.  (ECF No. 20.)  On September 16, 2016, petitioner filed a first amended petition for writ of habeas corpus.  (ECF No. 22.)  The claims in the amended petition are the same as in the original; however, in the amended petition, petitioner indicated that all claims were exhausted in state court.  (Id.)  Therefore, the court ordered that petitioner's motion to stay was moot since there were no longer unexhausted claims in state court, which would necessitate a stay.  (ECF No. 23.)  Additionally, the court ordered respondent to address petitioner's first amended petition.  (Id.)

////

1  After receiving an extension of time to address the first amended petition (ECF No. 26),
2  respondent filed a motion to vacate the order requiring a response because petitioner failed to sign
3  and verify the first amended petition. (ECF No. 27.) Petitioner opposes the motion, but does not
4  contest that the first amended petition is unsigned. (ECF No. 28.) The court's review of the first
5  amended petition confirms that petitioner failed to sign and verify the document, leaving the
6  signature line blank on page 15. (ECF No. 22 at 15.)

7   An application for a writ of habeas corpus "shall be in writing signed and verified by the
8  person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. In
9  addition, both Rule 2(c)(5) of the Rules Governing Section 2254 Cases and the Local Rules
10 require that the petition be signed under penalty of perjury by the petitioner or someone acting in
11 his behalf. Rules Governing Section 2254 Cases 2(c)(5); E.D. Cal. L.R. 190(b). The signature
12 requirement of Rule 2(c)(5) serves not only to assure that the contents of the petition are verified
13 under oath, but also to indicate that the filing of the petition itself was authorized by its purported
14 petitioner.

15 The first amended petition is not signed by petitioner or anyone else on petitioner's behalf
16 verifying the contents of the document. Thus, this petition is presently in violation of 28 U.S.C. §
17 2242, the Rules Governing Section 2254 Cases, and the Local Rules. Accordingly, the
18 undersigned vacates the order requiring respondent answer the first amended petition and
19 dismisses the first amended petition without prejudice. Petitioner shall, within 14 days of this
20 order, file a second amended petition that complies with the rules concerning verification (as well
21 as all other rules governing 2254 petitions). Respondent shall then have 30 days from the date of
22 the second amended petition to file a response.

23 IT IS HEREBY ORDERED that:
24 (1) Respondent's motion to vacate (ECF No. 27) is granted;
25 (2) Petitioner's first amended petition (ECF No. 22) is dismissed without prejudice;
26 (3) Petitioner shall file a second amended petition within 14 days of this order;
27 (4) Respondent shall file an answer within 30 days of petitioner's second amended
28 petition; and

2

  (5) Petitioner may file an optional traverse within 30 days of respondent's answer.

Dated: March 28, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

TIM-DLB:10
DB / ORDERS / ORDERS.PRISONER.HABEAS / nole0041.mtv