UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY GARFIELD NOLEN,<br><br>　　　　Petitioner,<br><br>　v.<br><br>E. VALENZUELA,<br><br>　　　　Respondent. | No. 2:16-cv-0041 DB<br><br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.)

Petitioner filed his initial petition on December 22, 2015. (ECF No. 1.) Respondent filed an answer on April 22, 2016. (ECF No. 18.) On May 13, 2016, petitioner filed a motion to stay his petition and hold it in abeyance while he exhausts the unexhausted claims in state court. (ECF No. 20.) On September 16, 2016, petitioner filed a first amended petition for writ of habeas corpus. (ECF No. 22.) The claims in the amended petition are the same as in the original; however, in the amended petition, petitioner indicated that all claims were exhausted in state court. (Id.) Therefore, the court ordered that petitioner's motion to stay was moot since there were no longer unexhausted claims in state court, which would necessitate a stay. (ECF No. 23.) Additionally, the court ordered respondent to address petitioner's first amended petition. (Id.)

////

After receiving an extension of time to address the first amended petition (ECF No. 26), respondent filed a motion to vacate the order requiring a response because petitioner failed to sign and verify the first amended petition. (ECF No. 27.) The court's review of the first amended petition confirmed that petitioner failed to sign and verify the document, leaving the signature line blank on page 15. (ECF No. 22 at 15.) Thus, the petition was in violation of 28 U.S.C. § 2242, the Rules Governing Section 2254 Cases, and the Local Rules. Accordingly, the undersigned vacated the order requiring respondent answer the first amended petition and dismissed the first amended petition without prejudice. (ECF No. 29.) Petitioner was ordered to, within 14 days, file a second amended petition that complies with the rules concerning verification (as well as all other rules governing 2254 petitions). (Id.)

The 14-day deadline is now expired and petitioner did not file a second amended petition. Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); see also Local Rule 110.

The court hereby grants petitioner one more opportunity to comply with the direction to file a second amended petition. IT IS HEREBY ORDERED that petitioner shall file a second amended complaint within 14 days of the date of service of this order. Failure to comply with this order may result in a recommendation of dismissal.

Dated: September 25, 2017

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

TIM-DLB:10
DB / ORDERS / ORDERS.PRISONER.HABEAS / nole0041.dismiss