IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JIMMY GARFIELD NOLEN,

                    Petitioner,

          vs.

JOSIE GASTELO, Warden, California
Men's Colony,[1]

                    Respondent.

No. 2:16-cv-00041-JKS

MEMORANDUM DECISION

Jimmy Garfield Nolen, a state prisoner proceeding *pro se*, filed a Petition for a Writ of

Habeas Corpus with this Court pursuant to 28 U.S.C. § 2254. Nolen is in the custody of the

California Department of Corrections and Rehabilitation and incarcerated at the California

Men's Colony. Respondent has answered, and Nolen has not replied.

## I. BACKGROUND/PRIOR PROCEEDINGS

On November 13, 2013, Nolen pled no contest to making a criminal threat and inflicting

corporal injury on a cohabitant. He also admitted a weapon use enhancement, a great bodily

injury enhancement, and a prior prison term enhancement. On direct appeal of his conviction,

the California Court of Appeal laid out the following facts underlying Nolen's guilty plea::

> Before [Nolen] pled no contest and admitted the enhancements, the court stated
> the following: "The potential sentence . . . is 12 years, 4 months . . . ." "Instead of the
> maximum, you're going to be sentenced to eight years in prison, as the attorneys have
> outlined." [Nolen] then said "Yes," when the court asked if he understood the range of
> sentence.
>           The attorneys had outlined the following: the upper term of four years for
> inflicting corporal injury on a cohabitant, plus the lower term of three years for

---

[1]     Josie Gastelo is substituted for Elvin Valenzuela as Warden, California Men's
Colony. FED. R. CIV. P. 25(d).

personally inflicting great bodily injury, plus one year for the prior prison term. As to the weapon use enhancement, the court and the prosecutor had the following exchange:

> "[THE COURT]: I guess I can CC the weapon [use enhancement].

> "[THE PROSECUTOR]: Yeah, that's fine as well. You could do that.
> "THE COURT: I actually never CC'd one enhancement with another. Maybe I'll also voice it will be a 654. It's not really a 654 either. [¶] I'm not sure that he doesn't just get the greater of the two. I'll figure something out."

> [Nolen] responded "[y]es" when asked if he understood what the court "said about the range of sentences and about the sentence you're going to receive." [Nolen] also responded, "[y]es" when the court asked if he "waive[d] referral to the probation department so that we can sentence you today?"
> The court then orally pronounced the following sentence: the upper term of four years for inflicting corporal injury on a cohabitant, plus the lower term of three years for personally inflicting great bodily injury, plus one year for the prior prison term. The court also imposed a concurrent two years for making a criminal threat, and a concurrent one year for the weapon use enhancement. The "aggregate term in state prison remains eight years."

*People v. Nolen*, No. C076588, 2015 WL 500651, at *3 (Cal. Ct. App. Feb. 5, 2015).

Through counsel, Nolen appealed his conviction, arguing that: 1) the concurrent term for the weapon use enhancement was unauthorized because California law required a consecutive term and the enhancement should either be stricken or the sentence restructured; and 2) the abstract of judgment should be corrected to show that the one-year enhancement for the prior prison term was imposed pursuant to California Penal Code § 667.5 and not 273.5. The California Court of Appeal acknowledged that the abstract of judgment contained a clerical error and ordered it to be corrected, but unanimously affirmed the judgment against Nolen in a reasoned, unpublished opinion issued on February 5, 2015. *Nolen*, 2015 WL 500651, at *3. The California Supreme Court summarily denied review on April 15, 2015.

Nolen then filed a *pro se* petition for habeas relief in the Sacramento County Superior Court, alleging in relevant part that defense counsel rendered ineffective assistance, the trial

court imposed an unauthorized sentence by applying a great-bodily-injury enhancement, and that he was the victim of "selective prosecution" based on his gender. The Superior Court denied the petition in a reasoned, unpublished opinion issued on February 1, 2016. Again proceeding *pro se*, Nolen raised the unsuccessful claims in a petition for habeas relief in the California Supreme Court dated June 27, 2016. The Supreme Court denied the petition without comment on August 17, 2016.

While his state habeas petitions were pending, Nolen timely filed a *pro se* Petition for a Writ of Habeas Corpus to this Court on November 28, 2015. Docket No. 1; *see* 28 U.S.C. § 2244(d)(1)(A). After Respondent answered the petition, Docket No. 18, Nolen moved to stay his petition and hold it in abeyance while he exhausted the unexhausted claims in state court, Docket No. 20. Prior to the Court ruling on the stay motion, Nolen filed a First Amended Petition, Docket No. 22, which contained the same claims as in the original but indicated that all claims had been exhausted. The Court, through a previously-assigned magistrate judge, thus denied the stay motion as moot and ordered Respondent to answer the First Amended Petition. Docket No. 23. Because Nolen failed to sign the First Amended Petition, however, the Court dismissed it without prejudice. Docket No. 29. Nolen then filed a Second Amended Petition ("Petition"; Docket No. 31), which is now before the undersigned judge and ripe for adjudication.

## II. GROUNDS RAISED

In his *pro se* Petition before this Court, Nolan argues that: 1) defense counsel was ineffective; 2) his sentence was unlawfully enhanced by the great-bodily-injury enhancement; and 3) he was the victim of selective prosecution and his equal protection rights were violated based on his gender.

## III. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2). A state-court decision is contrary to federal law if the state court applies a rule that contradicts controlling Supreme Court authority or "if the state court confronts a set of facts that are materially indistinguishable from a decision" of the Supreme Court, but nevertheless arrives at a different result. *Williams v. Taylor*, 529 U.S. 362, 406 (2000).

The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision." *Id.* at 412. The holding must also be intended to be binding upon the states; that is, the decision must be based upon constitutional grounds, not on the supervisory power of the Supreme Court over federal courts. *Early v. Packer*, 537 U.S. 3, 10 (2002). Where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it

cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'" *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (citation omitted).

To the extent that the Petition raises issues of the proper application of state law, they are beyond the purview of this Court in a federal habeas proceeding. *See Swarthout v. Cooke*, 131 S. Ct. 859, 863 (2011) (per curiam) (holding that it is of no federal concern whether state law was correctly applied). It is a fundamental precept of dual federalism that the states possess primary authority for defining and enforcing the criminal law. *See, e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law); *Walton v. Arizona,* 497 U.S. 639, 653 (1990) (presuming that the state court knew and correctly applied state law), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002).

In applying these standards on habeas review, this Court reviews the "last reasoned decision" by the state court. *See Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004) (citing *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002)). A summary denial is an adjudication on the merits and entitled to deference. *Harrington v. Richter*, 562 U.S. 86, 99 (2011). Under the AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

Nolen has not replied to Respondent's answer. The relevant statute provides that "[t]he allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true." 28 U.S.C. § 2248; *see also Carlson v.*

*Landon*, 342 U.S. 524, 530 (1952).  Where, as here, there is no traverse filed and no evidence offered to contradict the allegations of the return, the court must accept those allegations as true. *See Phillips v. Pitchess*, 451 F.2d 913, 919 (9th Cir. 1971).

## IV. DISCUSSION

**Ground 1.**    *Ineffective Assistance of Counsel*

Nolen first alleges that defense counsel rendered ineffective assistance during plea bargaining.  According to Nolen:

> Trial counsel allowed petitioner to plead guilty and accept in a "plea bargain" an unlawful sentence which exceeded the statutory maximum under California sentencing guidelines.  Counsel allowed petitioner to essentially negotiate his own "deal" with the prosecutor without offering any advice, counsel, or professional assistance.  Petitioner's sentence does not indicate any bargain was reached.  Counsel deprived petitioner of crucial effective assistance at [a] critical stage of the proceeding: sentencing.

To demonstrate ineffective assistance of counsel under *Strickland v. Washington*, a defendant must show both that counsel's performance was deficient and that the deficient performance prejudiced his defense.  466 U.S. 668, 687 (1984).  A deficient performance is one in which "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment."  *Id.*  The *Strickland* standard also applies to claims of ineffective assistance during the plea bargain process.  *See Lafler*, 132 S. Ct. at 1384 ("During plea negotiations, defendants are 'entitled to the effective assistance of competent counsel.'" (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)).  Specifically, "a defendant has the right to make a reasonably informed decision whether to accept a plea offer."  *See Turner v. Calderon*, 281 F.3d 851, 880 (9th Cir. 2002) (citation omitted).

The Supreme Court has explained that, if there is a reasonable probability that the outcome might have been different as a result of a legal error, the defendant has established

prejudice and is entitled to relief. *Lafler v. Cooper*, 132 S. Ct. 1376, 1385-86 (2012); *Glover v. United States*, 531 U.S. 198, 203-04 (2001); *Williams*, 529 U.S. at 393-95. Where a habeas petition governed by AEDPA alleges ineffective assistance of counsel, the *Strickland* prejudice standard is applied and federal courts do not engage in a separate analysis applying the *Brecht* harmlessness standard. *Avila v. Galaza*, 297 F.3d 911, 918, n.7 (9th Cir. 2002); *see also Musalin v. Lamarque*, 555 F.3d 830, 834 (9th Cir. 2009). Under this rubric, in reviewing ineffective assistance of counsel claims in a federal habeas proceeding:

> The question "is not whether a federal court believes the state court's determination" under the *Strickland* standard "was incorrect but whether that determination was unreasonable—a substantially higher threshold." And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard.

*Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (citations omitted); *see also Runningeagle v. Ryan*, 686 F.3d 758, 775 (9th Cir. 2012).

Thus, Nolen must show that defense counsel's representation was not within the range of competence demanded of attorneys in criminal cases, and there is a reasonable probability that, but for counsel's ineffectiveness, the result would have been different. *See Hill v. Lockhart,* 474 U.S. 52, 57 (1985). An ineffective assistance of counsel claim should be denied if the petitioner fails to make a sufficient showing under either of the *Strickland* prongs. *See Strickland*, 466 U.S. at 697 (courts may consider either prong of the test first and need not address both prongs if the defendant fails on one).

Nolen fails to satisfy this heavy burden.[2]  As the Superior Court explained in rejecting

this claim on state habeas review:

> Petitioner has failed to state any reasons why he should have expected counsel to negotiate a better agreement than the one he received or why the district attorney would have made such an offer.  Nor has he explained why it would have been more reasonable for him to go to trial, which, as the court explained when he entered his plea, could have resulted in a 12-year, 4-month sentence.
>
> Even if counsel had insisted that the one-year enhancement be sentenced consecutively, the plea would have been reconfigured using the mid-term of three years rather than the upper term of four years for the violation of Penal Code section 273.5 (*See, e.g.*, *People v. Hill* (1986) 185 Cal. App. 3d 831.)  Thus, if counsel had made the objection that petitioner now proposes, the sentence would have remained the same. Petitioner has failed to show prejudice.

For the reasons thoroughly laid out by the Superior Court, Nolen does not demonstrate

that counsel was ineffective or that he was prejudiced by counsel's performance.  Nolen's

ineffective assistance claim therefore must fail.

**Ground 2.**    *Unlawful Sentencing*

Nolen next contends that the trial court erred in imposing the great-bodily-injury

enhancement to his corporal injury to spouse/cohabitant conviction because the requirement of a

great bodily injury is already encompassed in the elements of the corporal injury to

spouse/cohabitant crime.  Such claim, however,  presents only a state law sentencing error that is

not cognizable on federal habeas review.  *See Souch v. Schiavo*, 289 F.3d 616 (9th Cir.2002)

(claim challenging state court's discretionary decision concerning application of state sentencing

law presented only state law issues and thus was not cognizable in a proceeding pursuant to 28

---

[2]    Although it appears that Nolen challenges defense counsel's actions solely with respect to the plea, to the extent Nolen also challenges counsel's performance prior to the entry of his plea, Nolen waived such claims by voluntarily entering his no contest plea.  *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *see United States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1992) (applying *Tollett* to pre-plea claims of ineffective assistance of counsel).

U.S.C. § 2254); *see also Swarthout*, 131 S. Ct. at 863; *Estelle*, 502 U.S. at 67-68. Although the Ninth Circuit has suggested that an abuse of discretion may also amount to a constitutional violation, *see Schell v. Witek*, 218 F.3d 1017, 1025 (9th Cir. 2000) (en banc), the Supreme Court has never held that abuse of discretion is an appropriate basis for granting federal habeas relief.[3] Indeed, quite to the contrary, the Supreme Court has strongly suggested that, while abuse of discretion is an appropriate standard on direct review, in a federal habeas proceeding it is not. *Renico v. Lett*, 559 U.S. 766, 772-73 (2010) ("It is not even whether it was an abuse of discretion for her to have done so–the applicable standard on direct review. The question under AEDPA is instead whether the determination of the Michigan Supreme Court that there was no abuse of discretion was "an unreasonable application of . . . clearly established Federal law."" (quoting § 2254(d)(1)).

Even assuming that Nolen is correct that the trial court misapplied California law, absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing law does not warrant habeas relief. *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994); *see also Miller v. Vasquez*, 868 F.2d 1116 (9th Cir. 1989) (declining to examine state court's determination that habeas petitioner's prior conviction was for a "serious felony" under state sentencing regime). Federal courts are "bound by a state court's construction of its own penal statutes," *Aponte v. Gomez*, 993 F.2d 705, 707 (9th Cir. 1993), unless that interpretation is

---

[3]        At one time, the Ninth Circuit viewed a state court ruling to be "objectively unreasonable" if it amounted to a clear error. *Van Tran v. Lindsey*, 212 F.3d 1143, 1152-54 (9th Cir. 2000). This is the test the Ninth Circuit uses in reviewing a trial court decision under the abuse of discretion standard. *United States v. Ressam*, 679 F.3d 1069, 1086 (9th Cir. 2012) (en banc). The Supreme Court noted *Van Tran's* statement of the test and expressly rejected it as inappropriate under the AEDPA. *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003) (clear error standard is insufficiently deferential to state courts).

"untenable or amounts to a subterfuge to avoid federal habeas review of a constitutional violation," *Oxborrow v. Eikenberry*, 877 F.2d 1395, 1399 (9th Cir. 1989). Nolen does not allege that the state court's application of great-bodily-injury enhancement was either untenable or done to avoid federal review of his sentence. Nor has he shown that the imposition of the enhancement was arbitrary, capricious, or fundamentally unfair in violation of federal due process. *See Christian*, 41 F.3d at 469.

Moreover, Nolen fails to show that the court erred even under state law. California law provides that an individual is guilty of corporal injury to a spouse/cohabitant when he or she "willfully inflicts upon a person who is his or her spouse, former spouse, cohabitant, former cohabitant, or the mother or father of his or her child, corporal injury resulting in a *traumatic condition*." CAL. PENAL CODE 273.5(a) (emphasis added). The California Court of Appeal has rejected the argument that a "traumatic condition" is the legal equivalent of a "injury that is significant and substantial," which is required for a true finding of a great-bodily-injury enhancement. *See, e.g.*, *People v. Dixon*, 191 Cal. Rptr. 917, 920 (Cal. Ct. App. Jun. 7, 1983 (unpublished)). Accordingly, Nolen fails to demonstrate error, much less error of constitutional dimension, and is thus not entitled to relief on this ground.

**Ground 3.** *Selective Prosecution/Equal Protection Violation*

Finally, Nolen avers that his prosecution violated the Equal Protection Clause. In support of his claim, Nolen states:

> Because of his gender, petitioner was selected for prosecution and punishment in the most severe fashion. Ironically, had petitioner harmed a child or a senior citizen in the same manner, his term would have been completed by now as the enhancement would not have been justified. Such a law authorizing dual punishment is discriminatory to both the offender as well as the female victims. This process is selective and violative of the Equal Protection Clause of the 14th Amendment.

To the extent that Nolen contends that he is the victim of selective or malicious prosecution, it is doubtful whether malicious prosecution claims are cognizable on federal habeas review. *See Jaime v. Almager*, No. 08-cv-0093, 2009 WL 2390853, at *15 (C.D. Cal. 2009) ("[T]he Supreme Court has never found that a malicious prosecution claim is cognizable on habeas review."). Even assuming that such a claim is cognizable, an essential element of a malicious prosecution claim is the "termination of the prior criminal proceeding in favor of the accused." *See Heck v. Humphrey*, 512 U.S. 477, 484 (1994) (citations omitted). Nolen fails to make such a showing here.

To the extent that Nolen alleges that the decision to prosecute was based on unconstitutional motives, such a claim is not supported by the record. Generally, as long as "the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). Further, "'the conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation' so long as 'the selection was [not] deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification.'" *Id.* (quoting *Oyler v. Boles*, 368 U.S. 448, 456 (1962)). Nolen has not provided any evidence to indicate that the prosecutor singled petitioner out because of some discriminatory, vindictive, or otherwise improper motive, or lacked probable cause for the charges that were filed. Accordingly, federal habeas relief is not warranted on this claim.

## V. CONCLUSION AND ORDER

Nolen is not entitled to relief on any ground raised in his Petition.

11

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability. *See* 28 U.S.C. § 2253(c); *Banks v. Dretke*, 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El*, 537 U.S. at 327)). Any further request for a Certificate of Appealability must be addressed to the Ninth Circuit Court of Appeals. *See* FED. R. APP. P. 22(b); 9TH CIR. R. 22-1.

The Clerk of the Court is directed to enter judgment accordingly.

Dated: March 22, 2019.

   /s/James K. Singleton, Jr.   
JAMES K. SINGLETON, JR.
Senior United States District Judge
